

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-4049
Re: State Health Officer may not
require labeling of foods so
as to include the formula
thereof or a list of the in-
gredients contained.

Your request for an opinion of this department reads:

"From time to time, the State Health Officer has promulgated rules and adopted standards for foods as authorized by Civil Statutes Vol. 1, Chapter 3, Article 4436.

"The Federal Bureau of Animal Industry Meat Inspection Service, by and through the U. S. Secretary of Agriculture, has recently adopted regulations concerning the labeling of meat and products which affects a large proportion of the packing industry, except that part of the industry not under Federal inspection.

"Non-Federal inspected packers have consulted me concerning the advisability of promulgating regulations similar to those of the Federal Government, whereby informative labeling is required without reference to adulteration or misbranding. Any regulation promulgated pursuant to this request would require such labeling to include the formula or list of ingredients.

"Criminal Statutes Title 12, Chapter 2, Article 703 deals with the labeling of foods

and drugs. In order to be consistent with the law, it would be necessary that any ruling adopted by the State Health Officer in reference to the labeling of foods comply with the provisions of that Article. The question arises as to whether any regulation promulgated by me requiring labeling as above stated would be consistent with the law when taking into consideration Article 708, which reads in part as follows: 'Nothing in this law shall be construed as requiring proprietors or manufacturers of proprietary foods which contain no unwholesome added ingredients to disclose their trade formulas except in so far as the provisions of this law require to secure freedom from adulteration or misbranding.'

"Will you please advise me upon this question, since any effort upon my part to require this type of labeling would necessarily entail considerable expense to the industry."

Article 4466, Revised Civil Statutes, provides in part that the State Health Officer or an agent within his Department subject to the control of the Health Officer may:

"2. Make, publish and enforce rules consistent with this law, and adopt standards for foods, food products, beverages, drugs, etc. . . ."

Article 4471, Revised Civil Statutes, deals with the adulteration and misbranding of foods and drugs.

Article 4472, Revised Civil Statutes, reads:

"The terms 'adulterated' and 'misbranded', as used in this chapter, shall be held to have the same meaning as is given those terms in chapter two of title 12 of the Penal Code."

Article 707 of the Penal Code defines in detail the term "adulterated".

Article 708 of the Penal Code, after defining the term "misbranded", provides:

"... Nothing in this law shall be construed as requiring proprietors or manufacturers of proprietary foods which contain no unwholesome added ingredients to disclose their trade formulas except in so far as the provisions of this law require to secure freedom from adulteration or misbranding."

A careful consideration of these and other statutes dealing with the power and authority of the State Health Officer leads us to the conclusion that the Legislature of this State has not vested you with rule making authority sufficiently broad to sustain a rule requiring the type of labeling inquired about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 15, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:GO


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN